IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOHONIA MONIQUE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV417 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| TD AMERITRADE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a non-prisoner who resides in California, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I.  SUMMARY OF COMPLAINT

Plaintiff sues TD Ameritrade, a brokerage firm in Omaha, Nebraska. As best as the court can tell from Plaintiff's confusing allegations, Plaintiff sues TD Ameritrade because it requested that Plaintiff pay $150.00 toward her brokerage account "after the account had been secured." (Filing No. 1 at CM/ECF p. 4.) Plaintiff requests the "closing balance of the actual account" or "the general stipulated annual mandatory withdraw[al]." (Filing No. 1 at CM/ECF p. 5.)

## II.  DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under

these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject matter jurisdiction is also proper under 28 U.S.C. §§ 1331 when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). Under this type of jurisdiction, and in order to bring a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants deprived her of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's Complaint alleges that the parties are diverse, but Plaintiff does not allege an amount in controversy; her allegations present no "federal question"; and she fails to identify the authority under which this court may intervene in Defendant's management of its brokerage accounts. Therefore, Plaintiff has failed to establish a basis upon which this court may exercise jurisdiction in this matter.

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: February 28, 2018—Deadline for Plaintiff to file amended complaint.

DATED this 30th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge